UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 11-00146-11 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| RANDALL DECH | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is Petitioner Randall Dech's ("Dech") Motion for Compassionate Release/Reduction in Sentence (Record Document 876). More specifically, Dech seeks a reduction in sentence to time-served due to his age and certain medical conditions. See id. The Government has opposed Dech's motion. See Record Document 883. For the reasons set forth below, Dech's Motion for Compassionate Release/Reduction in Sentence is hereby **DENIED**.

**BACKGROUND**

On August 10, 2011 a Federal Grand Jury seated in the Western District of Louisiana returned a Superseding Indictment against Dech and twenty-one co-defendants charging them with conspiracy to advertise child pornography and conspiracy to distribute child pornography. See Record Document 114. On October 17, 2011, Dech pled guilty to conspiracy to advertise the distribution of child pornography in violation of 18 U.S.C. § 2251(d)(1). See Record Documents 346 & 347. On March 23, 2012, Dech was sentenced to 210 months in prison followed by lifetime supervised release. See Record Documents 460 & 463.

The facts leading to Dech's conviction relate to the Dreamboard child exploitation bulletin board. Beginning in 2008, the Dreamboard child exploitation bulletin board began supporting the production, distribution, and receipt of child pornography. See Record

Document 469 (Presentence Investigation Report) at ¶¶ 7-12, 14-15. The board had levels of membership which included member, VIP, Super VIP, Super VIP., and Administrator. See id. at ¶¶ 10-12. Members of the board were elevated to higher membership based upon the amount of material posted as well as if they posted material that was self-produced. See id. ¶ 9. Dech became a member of Dreamboard in June 1, 2010. See id. at ¶ 14. He primarily posted to the PT Vids (preteen video) section on the board. See id.

Dech is presently serving his sentence at Allenwood Low FCI. His projected release date is June 11, 2026.

## LAW AND ANALYSIS

Dech seeks compassionate release due to ongoing medical concerns and underlying health conditions which place him at greater risk for severe or adverse consequences particularly in light of continual COVID-19 exposure in the prison setting and inability to provide self-care to mitigate risks. See Record Document 876 at 1. Dech cites his age, high blood pressure, high cholesterol, and vison issues as the basis for his compassionate release. See id. at 5. He also references the potential for release to home confinement and requests the Court appoint him counsel if "appropriate and necessary." Id. at 1.

**I.       Appointment of Counsel.**

There is no constitutional right to appointed counsel in post-conviction proceedings. See Pennsylvania v. Finley, 481 U.S. 551, 555, 107 S.Ct. 1990, 1993 (1987). In relation to motions filed under 18 U.S.C. § 3582(c)(2) motions, which are analogous to compassionate release motions pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) like Dech's, "the Fifth Circuit has held that defendants have no statutory or constitutional

right to counsel." United States v. Joseph, No. 15-307, 2020 WL 3128845, at *1 (E.D. La. June 12, 2020) (citing United States v. Whitebird, 55 F.3d 1007, 1011 (5th Cir. 1995). "Although a defendant in a § 3582(c) motion does not have a statutory or constitutional right to appointment of counsel, the Court may appoint counsel in the interest of justice." United States v. Mogan, No. 14-040, 2020 WL 2558216, at *4 n.29 (E.D. La. May 20, 2020). The interests of justice do not require that counsel be appointed where a "defendant's motion does not involve complicated or unresolved issues" or where a defendant proves capable of representing himself *pro se*. See Joseph, 2020 WL 3128845, at *2. Here, the interests of justice do not require that the Court appoint counsel for Dech. The motion is not complex, and Dech demonstrated in his motion and supporting memoranda that he is fully capable of representing himself on the matter *pro se*. Dech's request for appointment of counsel is **DENIED**.

## II.    Compassionate Release.

Generally, courts cannot modify sentences once imposed. See Freeman v. United States, 564 U.S. 522, 526, 131 S.Ct. 522, 2690 (2011); see also 18 U.S.C. § 3582(c). However, this rule is subject to some exceptions. A court may reduce a term of imprisonment upon finding "extraordinary and compelling" circumstances and consideration of the factors set forth in 18 U.S.C. § 3553(a) ("Section 3553(a) factors"). 18 U.S.C. § 3582(c)(1)(A); United States v. Thompson, 984 F.3d 431, 433 (5th Cir. 2021).[1] Should a court find no "extraordinary or compelling reason[ ]" that warrants a reduction in sentence, the court may end its analysis there, but it is not foreclosed from

---

[1] Before filing a compassionate release motion, prisoners must exhaust their administrative remedies. Here, there is no dispute that Dech has exhausted his administrative remedies and the Court will proceed to the merits. See Record Document 883 at 4.

weighing the Section 3553(a) factors to determine whether to grant or deny a defendant's release. See id.

If a court does accept the "extraordinary and compelling reasons" provided in the motion and duly examines the Section 3553(a) factors, then the defendant's sentence should be reduced in accordance with "applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C.§ 3582(c)(2). The policy statement that specifically references Section 3582 is United States Sentencing Guidelines § 1B1.13 ("Section 1B1.13" or the "Guidelines"). It provides that "[u]pon motion of the Director of the [BOP or the defendant]," a court may reduce the term of imprisonment after considering the Section 3553(a) factors if the court finds that "extraordinary and compelling reasons warrant the reduction[;] the defendant is not a danger to the safety of any other person or to the community[; and] the reduction is consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (2)-(3). "In general, the defendant has the burden to show circumstances meeting the test for compassionate release." United States v. Stowe, No. H-11-803(1), 2019 WL 4673725 at *2 (S.D. Tex. Sept. 25, 2019); see also United States v. Ennis, No. EP-02-CR-1430-PRM-1, 2020 WL 2513109, at *4 (W.D. Tex. May 14, 2020) ("[T]he defendant has the burden to show circumstances meeting the test for compassionate release."); United States v. Wright, No. 16-214-04, 2020 WL 1976828, at *6 (W.D. La. Apr. 24, 2020) (Petitioner has the "burden of showing the necessary circumstances, or a combination of circumstances, that would warrant relief under the compassionate release statute.").

Although not binding or dispositive, Section 1B1.13's policy statement in the Guidelines includes commentary specifying the types of medical conditions that could qualify as extraordinary and compelling reasons for sentence reduction. See Thompson,

984 F.3d at 433. First, this standard is met if the defendant is "suffering from a terminal illness[, e.g.,] metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, [or] advanced dementia." U.S.S.G. § 1B1.13, cmt. n.1(A)(i). Second, a defendant also qualifies under this standard if he or she: (1) suffers from a serious physical or medical condition, (2) suffers from a serious functional or cognitive impairment, or (3) experiences deteriorating physical or mental health because of the aging process, any of which substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility, and from which he or she is not expected to recover. See id., cmt. n.1(A)(ii). The commentary also sets forth other conditions and characteristics that qualify as "extraordinary and compelling reasons," including some related to the defendant's age and familial circumstances. See id., cmt. n.1(B)-(C). Reductions may be appropriate for defendants who are 70 years old and who have served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c). See § 1B1.13(1)(B). The family circumstances courts may consider as an adequate reason for a sentence reduction are limited to the need to care for a defendant's minor children or a spouse or registered partner when no other caregiver is available. See § 1B1.13, cmt. n.1(C). Finally, the commentary recognizes the possibility that BOP could identify other grounds that amount to extraordinary and compelling reasons for sentence modification. See id., cmt. n.1(D).

Following the passage of the First Step Act of 2018, BOP's director amended its regulations and issued BOP Program Statement 5050.50. The statement sets forth, in detail, BOP's definition of the circumstances that may support a request for compassionate release, which is limited to the same bases the Sentencing Commission identified: serious medical conditions, advanced age, and familial circumstances. Fed.

Bur. of Prisons, Program Statement 5050.50 – Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g) (Jan. 17, 2019).

Dech's motion fails because his COVID-19 related concerns and medical conditions do not constitute extraordinary and compelling reasons under the compassionate release statute. There is no dispute that Dech has received the COVID-19 vaccine. Courts have routinely denied compassionate release motions on this ground alone. See United States v. Hanner, No. 1:07-cr-10028-01, 2023 WL 1590009, *3 (W.D. La. Jan. 11, 2023); United States v. Beltran, No. 6:16-4(SSSS)-4, 2021 WL 398491, at *3 (S.D. Tex. Feb. 1, 2021); United States v. Isidachomen, No. 3:16-cr-0240-B-4, 2021 WL 243458, at *3 (N.D. Tex. Jan, 25, 2021). Moreover, the Fifth Circuit has recognized that a general fear of contracting COVID-19 in prison is not an extraordinary and compelling reason warranting relief. See Thompson, 984 F.3d at 433-34. The availability of a safe and effective vaccine lessens any argument that the BOP is incapable of managing any COVID-19 contagion such that compassionate release is warranted in this instance.

Additionally, none of the medical conditions referenced by Dech fall within one of the categories specified in the policy statement's commentary. Even though the policy statement is not binding on this Court, it still provides persuasive guidance as to what constitutes extraordinary and compelling reasons for relief. See id. at 433. Dech is not suffering from a terminal illness and the medical records submitted reflect that his medical conditions are being adequately managed by the BOP.

Notwithstanding, even if this Court were to find that Dech had extraordinary and compelling reasons for compassionate release, granting such release in this case would not comport with the factors enumerated in Section 3553(a). See 18 U.S.C. §

3582(c)(1)(A). The facts and circumstances of the offense of conviction, and Dech's history and characteristics, weigh against release in this case. Dech was an active member of a large-scale child exploitation enterprise. See Record Document 469 at ¶¶ 7-12, 14-15. He posted advertisements offering to distribute child pornography to other members of an Internet-based bulletin board. See id. at ¶ 14. All members were aware that the exploitation enterprise involved over 600 images of prepubescent minors and involved images that portrayed sadistic conduct. See id. at ¶ 16. It is this Court's belief that a reduced sentence in this case simply would not be just punishment and would not reflect the seriousness of the offense. Additionally, a reduced sentence would create disparity with respect to defendants with similar criminal records who have engaged in similar criminal conduct.

### III. Home Confinement.

Title 18, United States Code, Section 3624(c)(2) provides that the BOP's authority to release a prisoner "may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." Under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. Law 116-136, enacted on March 27, 2020, "if the Attorney General finds that emergency conditions will materially affect" BOP functioning, the BOP Director may "lengthen the maximum amount of time for which [he] is authorized to place a prisoner in home confinement" under Section 3624(c)(2). Pub. L. 116-136, § 12003(b)(2). On April 3, 2020, the Attorney General found such conditions existed, stating "emergency conditions [created by COVID-19] are materially affecting the functioning" of the BOP. See Memorandum from Attorney General William Barr to Director of Bureau of Prisons, Increasing Use of Home Confinement at Institutions Most Affected by COVID-19 (April 3, 2020), available at

https://www.justice.gov/file/ 1266661/download (last visited 6/2/2021). Thus, the BOP director now has the authority to grant home confinement to a larger group of prisoners. See id.

Section 3621(b) provides that the BOP "shall designate the place of the prisoner's imprisonment." 18 U.S.C. § 3621(b). The BOP considers bed availability, the prisoner's security designation, his programmatic needs, his mental and medical health needs, his faith-based needs, recommendations of the sentencing court, other security concerns of the BOP, and the proximity to his primary residence. See id. "A designation of a place of imprisonment under [Section 3621] is not reviewable by any court." Id. The Fifth Circuit has followed this statutory directive, stating "a prisoner has no liberty interest or right to be housed in any particular facility, and the BOP has wide discretion in designating the place of a prisoner's imprisonment." Siebert v. Chandler, 586 Fed.Appx. 188, 189 (5th Cir. 2014), citing Olim v. Wakinekona, 461 U.S. 238, 244-245, 103 S.Ct. 1741, 1745 (1983) and 18 U.S.C. § 3621(b).

The CARES Act does in fact grant broad discretion to the BOP regarding release to home confinement. However, such decisions still remain exclusively with the BOP. Nothing in the CARES Act changed the statutory authority granted in Section 3621(b) and this Court still lacks the power to order home confinement under the CARES Act. See generally United States v. Williams, No. CR 2:12-539, 2020 WL 1940836, at *2 (S.D. Tex. Apr. 22, 2020) ("While the CARES Act allows the BOP Director to lengthen the amount of time a prisoner may be placed in home confinement, nothing in the Act grants individual prisoners the right to serve the remainder of their sentence in home confinement. The BOP still has exclusive authority to determine where a prisoner is housed. 18 U.S.C. § 3621(B)."); United States v. Read-Forbes, 2020 WL 1888856, at *5 (D. Kan. Apr. 16,

2020) ("While the CARES Act gives the BOP broad discretion to expand the use of home confinement during the COVID-19 pandemic, the Court lacks jurisdiction to order home detention under this provision."); United States v. Engleson, 2020 WL 1821797, at *1 (S.D.N.Y. Apr. 10, 2020) (while court can recommend, ultimate decision whether to release inmate to home confinement rests with BOP); United States v. Hembry, 2020 WL 1821930, at *2 (N.D. Cal. Apr. 10, 2020); United States v. Carter, 2020 WL 1808288, at *2 (S.D. Ind. Apr. 9, 2020); United States v. Garza, 2020 WL 1485782, at *1 (S.D. Cal. Mar. 27, 2020).  Dech's request for early release to home confinement is **DENIED**.

## CONCLUSION

Based on the foregoing reasons, Dech's Motion for Compassionate Release/Reduction in Sentence (Record Document 876) be and is hereby **DENIED**.  He has not presented extraordinary and compelling reasons justifying his release, and the relevant Section 3553(a) factors weigh against release.

An order consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 12th day of April, 2023.

_____
S. Maurice Hicks, Jr.
United States District Judge